IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SMITH | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-00625-DDB |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on May 3, 2009, claiming entitlement to disability benefits due to severe mental impairments of bipolar disorder, post-traumatic stress disorder, intermittent explosive disorder, and a personality disorder. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Paris, Texas on April 21, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Bonnie Ward, testified.

On May 5, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on September 9, 2010. Therefore, the May 5, 2010 decision of the ALJ became the final decision of the Commissioner for

purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 3011.

2. The claimant has not engaged in substantial gainful activity since September 20, 2008, the alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: Bipolar disorder; and post traumatic stress disorder (PTSD); alcohol dependence in early full remission by self report; intermittent explosive disorder; and personality disorder NOS (addictive, narcissistic and impulsive traits). (20 C.F.R. 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets of medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: he can perform simple, unskilled tasks but not detailed or complex tasks.

6. The claimant is capable of performing past relevant work as a: line worker, which is light, simple, unskilled (SVP 2) work; machine loader, which is medium, simple, unskilled (SVP 2) work; and packing machine operator, which is medium, simple, unskilled (SVP 2) work. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 C.F.R. 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 20, 2008, through the date of this decision (20 C.F.R. 404.1520(f) and 416.920(f)).

(TR. 51-60).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

# SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the **Fourth** step.

## ANALYSIS

Plaintiff contends that the ALJ implicitly rejected the opinions of Dr. Kemp and Nurse Practitioner McGuire by not discussing their findings as to Smith's poor ability to work with others. The ALJ did discuss Kemp's written report but did not expressly accept or reject any findings. As to the ability to get along with people, the ALJ addresses this issue. He finds that this is not credible given Smith's own admissions. For instance, he notes that Smith was never fired for problems with co-workers but rather for drinking (TR. 59).

An ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Qualls v. Astrue,* 339 Fed. App'x 461, 466 (5th Cir. 2009), citing *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir. 1987). It is true that the opinions of a claimant's treating physician are generally entitled to great weight. *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994). Reliance can be decreased and even rejected by the ALJ for good cause, however, and the ALJ may disregard statements by such physician which are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994). When a treating or examining physician's opinions are inconsistent with other substantial evidence in the record, the opinions are not entitled to any specific weight in the ALJ's decision. *DeLeon v. Barnhart,* 174 Fed. App'x 201, 202 (5th Cir. 2006) (citing *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir.1994)).

A review of the Lakes Regional MHMR records reflects that Plaintiff met with NP McGuire on April 29, 2009. It appears that other individuals had some contact with him, but there is no mention in the record of Dr. Kemp and only two other notations as to NP McGuire. Smith only mentions "Dr." McGuire as his treating physician (TR. 76). Thus, it appears from the records provided that Smith never saw Dr. Kemp. Even if Dr. Kemp was a treating physician there is nothing in the record

5

which would allow the ALJ to perform the analysis required by 20 C.F.R. § 404.1527(d)(2). At best, it appears that Dr. Kemp merely signed off on NP McGuire's report. Although NP McGuire is not an acceptable medical source, her opinions are entitled to proper consideration. 20 C.F.R. § 404.1513(d).

The ALJ did discuss at length Smith's treatment at Lakes Regional. It appears that one of his sessions with NP McGuire lasted 37 minutes (*See* TR. 252, 256, 257). Other sessions purportedly with NP McGuire in September 2009 were approximately 35 minutes in length (*See* Exhibit 11F). A Stacy Stevens at the clinic assesses his blunted affect and anxiety as mild (TR. 264). At best, his visits to the clinic could be described as brief and intermittent based on the records provided. The Court finds that the ALJ did not need to address Kemp's report since there is simply no evidence that he was a treating physician. Further, since NP McGuire is not an acceptable medical source, the good cause standard for rejection of her opinions need not be shown. In sum, the evidence in support of Plaintiff's claim in this proceeding was deficient. He simply did not meet his burden of proof.

The ALJ adopted the opinions of two doctors who examined the various treatment records. Both Doctors White and Gilland found that Plaintiff could interact adequately with others and respond to work changes. The ALJ did a thorough analysis in arriving at the RFC. Much of his analysis addresses the numerous inconsistencies he found in Plaintiff's own testimony or records.

It appears that, immediately after the ALJ's unfavorable decision, Smith filed a new application and has been granted disability by another ALJ for benefits after May 6, 2010. The second ALJ also held that there was no basis for reopening the prior application. 20 C.F.R. § 416.1489 provides that a case may be reopened if there is new and material evidence. The Appeals Council specifically addressed the two new reports submitted and held that they did not warrant

reversal of the ALJ's decisions and gave its reason for doing so.

The Court notes that both reports came well after the ALJ's decision. The good cause component apparently argued by Plaintiff is that he has new counsel who submitted these reports. Counsel for Smith acknowledges that some of the evidence before the Appeals Council was incomplete. Under the facts as presented, the Court declines to remand and agrees with the Commissioner that no good cause has been demonstrated warranting such. *See Pierre v. Sullivan*, 884 F.2d 799 (5th Cir. 799).

## **<u>FINDING</u>**

Pursuant to the foregoing, the Court AFFIRMS the decision of the Administrative Law Judge.

**SO ORDERED.**

 **SIGNED this 9th day of September, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE